OPINION OF THE COURT
Loren N. Brown, J.
By notice of motion, dated August 20, 1987, and supporting papers, the plaintiff moves for summary judgment in lieu of complaint (CPLR 3213). The motion, in part, is opposed by the defendant. All papers are deemed to have been timely served.
This action seeks recovery on a promissory note, dated December 1, 1986, with an amount of $3,363.48 allegedly due. The defendant does not dispute that he gave the note in *93 return for the purchase of merchandise, but claims that because much of the merchandise received was defective, he should receive an offset. The plaintiff claims that the note is unconditional, and payment of the entire face amount plus interest is not tied to any alleged defects in the merchandise delivered. The court does not agree with the latter contention.
Pursuant to Uniform Commercial Code § 3-408, partial lack of consideration is a defense pro tanto to a negotiable instrument against any person not having the rights of a holder in due course.* If it is ultimately established that the plaintiff was not a holder in due course because he failed to meet any of the criteria of Uniform Commercial Code § 3-302 (1), then the amount due on the note may be offset by the loss alleged and proven by the defendant. That the note on its face appears to be an unconditional, negotiable instrument does not defeat the statutory defense.
Accordingly, the plaintiff is granted summary judgment, without opposition, solely on the issue of liability on the note. The amount owed by the defendant must be determined by the trier of fact.

 Uniform Commercial Code § 3-302 (1) provides:
"(1) A holder in due course is a holder who takes the instrument "(a) for value; and "(b) in good faith; and "(c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.”